IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)　　Case No. 01-CR-30034-MJR
　　　　　　　　　　　　　　　　　　　　)
WALTER E. WILLIAMS-BEY,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　　)

ORDER REGARDING MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

Issued in response to the December 26, 2007 motion to reduce sentence under 18 U.S.C. § 3582(c)(2), **THIS ORDER ADVISES DEFENDANT WILLIAMS-BEY** how his motion (Doc. 32) will be handled in this District Court.

On December 10, 2007, the United States Supreme Court scrutinized the crack-cocaine-to-powder-cocaine sentencing disparity contained in the United States Sentencing Guidelines and held that federal district courts are free to deviate from the Guidelines in appropriate circumstances. *Kimbrough v. United States*, – U.S. –, **128 S. Ct. 558 (2007)**.

In a footnote, the high Court noted that the U.S. Sentencing Commission had not yet determined whether a November 2007 change in the Guidelines (an amendment which reduced the base offense level associated with crack cocaine) would be retroactive. *Id.*, **128 S. Ct. at 569, n.11**.  On December 11, 2007, the Sentencing

-1-

Commission voted unanimously to retroactively apply that amendment. However, the amendment (to § 1B1.10 of the Guidelines) does not take effect *until March 3, 2008.*

On December 19, 2007, Chief Judge Herndon of this District Court issued Administrative Order 102 which addresses this Guidelines amendment. Administrative Order 102 explains that this Court cannot act on any petitions to reduce sentence until <u>after</u> the March 3, 2008 effective date imposed by the Sentencing Commission. Administrative Order 102 further provides:

> (a) any motions to reduce sentence filed *before* March 3, 2008 shall be stayed until March 3, 2008;
>
> (b) the Federal Public Defender's Office of the Southern District of Illinois "is hereby designated to represent each defendant" who files a motion to reduce sentence; and
>
> (c) the U.S. Attorney's Office need not file any response to a motion to reduce sentence until March 10, 2008. *Id.*

Administrative Order 102 is incorporated by reference herein and expressly made applicable to this particular case. Pursuant to Administrative Order 102, the undersigned Judge **NOTIFIES** Defendant Williams-Bey that his motion (Doc. 32) has been docketed in this Court, that his motion is stayed (no action will be taken on it) until March 3, 2008, and that the Federal Public Defender's Office will be advised of this filing.

The Clerk's Office **SHALL PROVIDE** a copy of this Order to the Federal Public Defender's Office and the United States Attorney's Office for this District. Confirmation of those transmissions shall be reflected on the docket sheet.

Although Administrative Order 102 appointed the Public Defender's Office to represent Defendant in any proceedings relating to the motion to reduce sentence, that appointment does not prevent Defendant from retaining private counsel, including any lawyer who may have represented Defendant in earlier proceedings in this District Court or the Court of Appeals.

Defendant Williams-Bey should **FILE NO ADDITIONAL PLEADINGS OR BRIEFS** in this case until further Order of this Court, since his motion (and all briefing on it) is stayed until March 3, 2008.

Finally, the Court emphasizes that the entry of this Order in no way constitutes an indication that Defendant's motion (Doc. 32) has merit, was timely-filed, or is affected by the recent Supreme Court decision or Guidelines amendment.

IT IS SO ORDERED.

DATED this 7th day of January 2008.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge